550 S.E.2d 318

**In the Matter of Gerald P. KONOHIA, Respondent.**

**No. 25328.**

Supreme Court of South Carolina.

Submitted June 12, 2001.

Decided July 23, 2001.

Henry B. Richardson, Jr., and Assistant Attorney General Tracey Green, both of Columbia, for the Office of Disciplinary Counsel.

Gerald P. Konohia, of Chattanooga, Tennessee, pro se.

PER CURIAM:

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to a definite suspension of sixty days. We accept the agreement and hereby suspend respondent. The facts as set forth in the agreement are as follows.

## *Facts*

On two occasions, respondent allowed a paralegal to close a real estate transaction in his absence. In both cases, respondent's clients were charged an appraisal fee that exceeded the amount charged by the appraiser.

In a third matter, several checks drawn on respondent's trust account were dishonored due to insufficient funds. Although the lack of funds was caused by an inadequate wire transfer, respondent failed to use diligent accounting practices that would have detected this problem sooner.

In a fourth matter, respondent withheld $4,019.50 from the sale of real estate to satisfy a lien against the property. Although the sellers later negotiated a reduction in the lien, respondent failed to reply to their inquiries regarding disbursement. Respondent eventually disbursed the full amount to the lienholder, despite having been notified that the amount of the lien had been reduced.

In a fifth matter, respondent delayed a real estate closing without communicating the reason for the delay to the client. Respondent caused further delays by failing to ensure that the closing statement was correct. Respondent also failed to ensure that his client's homeowners' policy was paid and failed to provide the client with the deed or the completed HUD statement in a timely manner.

In a sixth matter, respondent failed to file a lawsuit until two years after he was retained, despite the fact that his client had collected a significant amount of evidence. Respondent eventually filed the suit in the wrong forum, causing additional delays. Respondent failed to respond to his client's phone calls about this matter.

## *Law*

Respondent admits that his conduct violated the following Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (failing to provide competent representation); Rule 1.3 (failing to act with reasonable diligence and promptness while representing a client); Rule 1.4(a) (failing to keep a client reasonably informed about the status of a matter and failing to promptly respond to reasonable requests for information); Rule 2.1 (failing to properly serve as an advisor to a client); Rule 3.2 (failing to properly expedite litigation consistent with the interests of a client); Rule 5.3 (failing to properly execute responsibilities regarding nonlawyer assistants); Rule 5.5 (assisting other persons in the unauthorized practice of law); and Rule 8.4 (violating the Rules of Professional Conduct).

4

Respondent also admits that he violated Rule 7(a)(1), RLDE, Rule 413, SCACR (violating the Rules of Professional Conduct), and Rule 417, SCACR (requirements of financial recordkeeping).

### *Conclusion*

We find that respondent's misconduct warrants a definite suspension. Accordingly, we accept the Agreement for Discipline by Consent and hereby suspend respondent from the practice of law for sixty days.

Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30 of Rule 413, SCACR.

DEFINITE SUSPENSION.

TOAL, C.J., and MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.